## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **STEPHANIE HOBIA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. CIV-05-1147-F** |
| | ) | |
| **JO ANNE B. BARNHART,** | ) | |
| **Commissioner, Social Security** | ) | |
| **Administration,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## REPORT AND RECOMMENDATION

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of Social Security Administration (Commissioner) denying her application for supplemental security income benefits. United States District Judge Stephen P. Friot has referred the matter to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). The Commissioner has answered and filed the administrative record (hereinafter Tr. _____). Both parties have briefed their respective positions, and thus the matter is at issue. For the reasons stated herein, it is recommended that the Commissioner's decision be reversed and that the matter be remanded to the Commissioner for further administrative proceedings.

## I.  PROCEDURAL HISTORY

Plaintiff filed her application for supplemental security income benefits on January 16, 2003, alleging that she became disabled on January 15, 1998, due to anxiety, depression, anger, sleepiness, fighting, difficulty concentrating, Hepatitis C, and polysubstance abuse. Tr. 42-44, 46-48, 73-81. The application was denied on initial consideration and on reconsideration at the administrative level. Tr. 20, 21, 22-24, 27-28.

Pursuant to Plaintiff's request, a hearing de novo was held before an administrative law judge on October 26, 2004.  Tr. 29, 194-213.  Plaintiff appeared in person with an attorney, and offered testimony in support of her application.  Tr. 196, 197-209.  A vocational expert also appeared and testified at the request of the administrative law judge. Tr. 196, 209-212.  The administrative law judge issued his decision on May 12, 2005, finding that Plaintiff was not disabled within the meaning of the Social Security Act and therefore was not entitled to supplemental security income benefits.  Tr. 10-12, 13-18.  The Appeals Council denied Plaintiff's request for review on July 29, 2005, and thus the decision of the administrative law judge became the final decision of the Commissioner.  Tr. 5-8.

## II.  STANDARD OF REVIEW

The Tenth Circuit Court of Appeals has summarized the applicable standard of review as follows:

> We review the agency's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied. Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  However, a decision is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it.  The agency's failure to apply correct legal standards, or show us it has done so, is also grounds for reversal. Finally, because our review is based on the record taken as a whole, we will meticulously examine the record in order to determine if the evidence supporting the agency's decision is substantial, taking into account whatever in the record fairly detracts from its weight.  However, we may neither reweigh the evidence nor substitute our discretion for that of the Commissioner.

Hamlin v. Barnhart,  365 F.3d 1208, 1214 (10th Cir. 2004) (internal quotations and citations omitted).  The Commissioner follows a five-step sequential evaluation process

to determine whether a claimant is disabled.  <u>Williams v. Bowen</u>, 844 F.2d 748, 750-52 (10th Cir. 1988).  The claimant bears the burden of establishing a prima facie case of disability at steps one through four.  <u>Id.</u> at 751 n. 2.  If the claimant successfully meets this burden, the burden of proof shifts to the Commissioner at step five to show that the claimant retains sufficient residual functional capacity to perform work in the national economy, given her age, education, and work experience.  <u>Id.</u> at 751.

## III.  THE DECISION OF THE ADMINISTRATIVE LAW JUDGE

In determining that Plaintiff was not disabled, the administrative law judge followed the sequential evaluation process set forth in 20 C.F.R. § 416.920.  Tr. 14.  He first found that Plaintiff had not engaged in substantial gainful activity since the alleged disability onset date. Tr. 14, 17.  At steps two and three, the administrative law judge found that Plaintiff suffered from bipolar disorder, an impairment that is severe but not severe enough either singly or in combination to meet or equal one of the impairments listed in 20 C.F.R. Part 404, Appendix 1, Subpart P, Social Security Regulations, No. 4. Tr. 14, 17.  At the fourth step of the sequential evaluation process, the administrative law judge found that Plaintiff had the residual functional capacity (RFC) for a full range of unskilled work.  Tr. 16, 17.  Based on this RFC, the administrative law judge found that Plaintiff could not perform her past relevant work as she had none.  Tr. 16, 17.  However, based upon the testimony of the vocational expert, the administrative law judge found at step five that there are a significant number of jobs in the national economy that someone with Plaintiff's residual functional capacity and vocational factors could perform, such as parimutuel ticket checker, surveillance systems monitor, and general

clerk, sedentary. Tr. 16-17.  Thus, the administrative law judge found that Plaintiff was not disabled and was not entitled to supplemental security income benefits. Tr. 17,18.

## IV.  DISCUSSION

### A.  ISSUES ON APPEAL

Plaintiff raises three issues on appeal.  First, she claims that the administrative law judge did not consider the combined impact of all of her medically-determinable impairments.  Plaintiff's Brief, p. 3.  Second, she claims that the administrative law judge performed no analysis of her subjective complaints.  Id. at 3-4.  Third, Plaintiff claims that the administrative law judge provided no explanation as to how marked limitations in understanding, remembering, and carrying out detailed instructions and in relating to the general public would not significantly restrict her ability to perform a full range of unskilled work activity and would not restrict her ability to perform within the occupations named by the vocational expert.  Id. at 4.  The undersigned agrees with Plaintiff and finds that the administrative law judge did err as a matter of law in both his credibility analysis and at step five. In light of these findings, it is unnecessary to consider Plaintiff's claim regarding the administrative law judge's alleged failure to consider the combined impact of her impairments.

### 1.  Credibility Analysis

Plaintiff claims that the administrative law judge's decision is flawed by his failure to carry out an adequate assessment of the credibility of her subjective complaints of symptoms and associated functional limitations as required by 20 C.F.R. § 416.929 and Social Security Ruling 96-7p.  Plaintiff's Brief, p. 11. In particular, she claims that he

failed to consider her claims that she was unable to sustain employment due to an inability to concentrate on what she is doing, and that she did not get along well with others because she believed they were watching her or were out to get her, and as a result of these problems she was generally too slow in performing job duties.  Plaintiff's Brief, p. 11-12.  In this case, she claims that the administrative law judge's entire credibility analysis consisted of a statement that her allegations regarding her limitations were "not totally credible."  Plaintiff's Brief, p. 13 (quoting Tr. 16).  She claims that this is inconsistent with both the cited regulation and Social Security ruling.  Id.

The Commissioner responds that the administrative law judge did consider Plaintiff's subjective complaints, and then noted that "Plaintiff testified that her daily activities consisted of watching television, reading, sleeping, and cleaning house." Commissioner's Brief, p. 5 (quoting Tr. 15).  The Commissioner states that the administrative law judge discussed Plaintiff's treatment history and mental status examinations, including the fact that she was doing fairly well on her medications.  Id. at 6.  Finally, the Commissioner contends, the administrative law judge discussed the medical opinions of the state agency psychological consultants before concluding that Plaintiff's allegations were not totally credible.  Commissioner's Brief, p. 6. Plaintiff claims that the Commissioner is pointing to evidence in the record that could support the administrative law judge's credibility finding, but which was not actually cited in the decision, concluding that he "did not cite any specific reason for discounting [her] credibility...."  Plaintiff's Reply, p. 3-4.

Credibility determinations are the province of the finder of fact, and they will not be upset on appellate review when they are supported by substantial evidence.  Diaz v. Secretary of Health and Human Services, 898 F.2d 774, 777 (10th Cir. 1990); Kepler v. Chater, 68 F.3d 387, 391 (10th Cir.1995) (same).  "When the existence of a medically determinable physical or mental impairment(s) that could reasonably be expected to produce the symptoms has been established, the intensity, persistence, and functionally limiting effects of the symptoms must be evaluated to determine the extent to which the symptoms affect the individual's ability to do basic work activities." Social Security Ruling 96-7p, 1996 WL 374186, at *1.  Some of the factors that may be considered in assessing a claimant's credibility as to subjective complaints include (1) daily activities; (2) the location, duration, frequency, and intensity of the symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication the claimant receives or has received for relief of symptoms; (5) treatment, other than medication, the claimant has received for relief of symptoms; and (6) any measures other than treatment the individual uses or has used to relieve symptoms. Social Security Ruling 96-7p, 1996 WL 374186, at *3; 20 C.F.R. § 416.929(c)(3); Luna v. Bowen, 834 F.2d 161, 164-66 (10th Cir. 1987). In assessing a claimant's credibility, an administrative law judge must state the evidence upon which he relies.  Qualls v. Apfel, 206 F.3d 1368, 1372 (10th Cir. 2000).  He is not, however, required to undertake a factor by factor analysis and discuss every piece of evidence in the record.  Id.

In this case, the administrative law judge first found that Plaintiff testified that she is disabled due to "anxiety, depression, sleepiness, emotional lability, difficulty concentrating and remembering, confusion, racing thoughts, and difficulty getting along with others,"  and that she attributed these symptoms to bipolar disorder and polysubstance abuse. Tr. 15.  He also mentioned that she indicated that her ability to work is compromised by Hepatitis C, and that she limits her daily activities to watching television, reading, sleeping, and cleaning house.  Tr. 15.  The administrative law judge then went on to evaluate these claims as follows:

> Regarding the documentary medical evidence addressing the claimant's allegedly disabling impairments, the undersigned notes the claimant's allegations of hepatitis C or hepatic complications or co-morbidities are not established by the documentary medical record.  In addition, upon mental status examination conducted in April 2003 negative findings included alert demeanor, orientation in all spheres, intact memory, and normal affect; and in May 2003 the claimant denied suicidal or homicidal ideations and was noted to exhibit no psychotic features.   The claimant was subsequently provided with a consultative mental status examination, at which time relevant negative findings included orientation in all spheres, cooperative attitude, normal eye contact, coherent stream of mental activity, intact reality orientation and memory abilities, a normal range of general knowledge, and the ability to make sound judgments in every day situations.
>
> Upon mental status examination conducted in June 2003 negative findings included alert demeanor, orientation in all spheres, intact memory, appropriate affect, the denial [of] suicidal or homicidal ideations, and the absence of psychotic features.  Similar negative findings were made upon mental status examination conducted in October 2003 and April 2004. Thereafter, in August 2004 the claimant related that she was doing fairly well on her medications and was not abusing alcohol.
>
> Finally, in June 2003 a State Agency psychologist opined that the claimant suffered from moderate restrictions on the activities of daily living, moderate difficulties in maintaining social functioning, and moderate difficulties maintaining concentration, persistence and pace; and had one or two episodes of decompensation of extended duration.  He opined that

the claimant suffered from no significant limitations on the ability to remember locations or work like procedures, understand, remember and carry out short and simple instructions, maintain attention and concentration for extended periods, perform activities within a schedule, maintain regular attendance, be punctual within customary tolerances, sustain an ordinary routine without special supervision, work in coordination or proximity to others without being distracted by them, make simple work related decision, complete a normal workday and workweek without interruptions from psychologically based symptoms, perform at a consistent pace without an unreasonable number and length of rest periods, ask simple questions, request assistance, accept instructions and respond appropriately to criticisms from supervisors, get along with coworkers and peers without distracting them or exhibiting behavioral extremes, maintain socially appropriate behavior, adhere to basic standards of neatness and cleanliness, respond appropriately to changes in the work setting, be aware of normal hazards and take appropriate precautions, travel in unfamiliar places, use public transportation, and set realistic goals or make plans independently of others.  Although this psychologist indicated that the claimant did suffer from marked limitations on understanding, remembering, and carrying out detailed instructions and interacting appropriately with the general public, the undersigned finds that this assessment is grossly consistent with the ability to engage in unskilled work.

The undersigned finds the claimant's allegations regarding her limitations are not totally credible and finds that the claimant retains the residual functional capacity for the full range of unskilled work.

Tr. 15-16 (citations omitted).

Plaintiff's argument that the last quoted sentence above represents the entirety of the credibility analysis is perhaps overstated, but not by much. The decision *appears* to provide detailed and numerous reasons for the administrative law judge's credibility determination, but upon closer examination, lacks the required substance, and relies almost totally upon the medical evidence, without considering Plaintiff's subjective complaints.  Because the administrative law judge's finding as to Plaintiff's credibility was conclusory, and he failed to give specific reasons for his determination – using the

applicable factors and specifically linking them to the evidence – the undersigned agrees with Plaintiff that the administrative law judge erred in his credibility analysis. The administrative law judge did little more than recite the findings contained in the various mental status examinations, and made no effort to apply the <u>Luna</u> factors or otherwise address her allegations that due to her mental impairments, she is unable to hold a job for any length of time, which facially seems supported by her work record. Thus, it is recommended that this case be remanded for additional proceedings. On remand, the administrative law judge should give specific reasons for his determination and specifically link any findings regarding Plaintiff's subjective allegations to the evidence.

**2. Error at Step Five**

In what is characterized as the most serious error in the decision, Plaintiff claims that the administrative law judge erroneously concluded that she could perform the full range of unskilled work despite marked limitations in understanding, remembering and carrying out detailed instructions, and marked limitations in dealing with the general public. Plaintiff's Brief, p. 13. She claims that there is no evidence supporting this conclusion, nor explanation as to how it was reached. She goes on to note that all three of the jobs identified by the administrative law judge in the decision appear to have duties inconsistent with the limitations noted above. Plaintiff's Brief, p. 14. She claims that according to the Dictionary of Occupational Titles (DOT), the job of parimutuel ticket checker has a reasoning level of 3, requiring a worker to "carry out instructions furnished in written, oral, or diagrammatic form," and to "deal with problems involving several concrete variables in or from standardized situations." <u>Id.</u> (quoting Dictionary of

Occupational Titles, p. 1011).  She claims that even reasoning level 2 requires a worker to carry out detailed but uninvolved written or oral instructions, something beyond her abilities.  Id. at 14, 15.  Plaintiff claims that the job of surveillance system monitor also has a reasoning level of 3.  Id. at 15.  She claims that the third occupation, general clerk, is not a single occupation but a group of DOT occupations, making it difficult to draw a conclusion as to whether they can be performed by a person with her limitations.  Thus, she contends, the Commissioner has failed to carry her burden at step five.  Plaintiff's Brief, p. 15-16.

The Commissioner responds first that it has been "the Commissioner's policy for more than twenty years" that:

> Where a person's only impairment is mental, is not of listing severity, but does prevent the person from meeting the mental demands of past relevant work and prevents the transferability of acquired work skills, the final consideration is whether the person can be expected to perform unskilled work.  The basic demands of competitive, remunerative, unskilled work include the abilities (on a sustained basis) to understand, carry out, and remember simple instructions; to respond appropriately to supervisors, coworkers, and  usual work situations; and to deal with changes in a routine work setting.

Commissioner's Brief, p. 7-8 (quoting Social Security Ruling 85-15).  The Commissioner contends that none of the marked limitations found in this case are inconsistent with the basic demands of competitive, remunerative, unskilled work, and that the administrative law judge's finding that Plaintiff was not disabled was therefore proper.  Id. at p. 8.  The Commissioner also claims that it is irrelevant whether any of the occupations listed by the administrative law judge required greater reasoning abilities than she possesses, as the administrative law judge was not required to list any occupations at all.  Id. at 9.  She

claims that because Plaintiff is capable of performing the full range of unskilled work and has no exertional limitations, Social Security Ruling 85-15 permits the Commissioner to take notice of approximately 2,500 unskilled sedentary, light, and medium occupations Plaintiff is capable of performing.

In reply, Plaintiff states that Social Security Ruling 85-15 only lists the basic demands of unskilled work, and "does not serve to establish any rule that no other demands exist, or that inability to meet other such demands poses no significant barrier to performing unskilled work." Plaintiff's Reply, p. 4-5. In support, Plaintiff cites Talbot v. Heckler, 814 F.2d 1456, 1465 (10th Cir. 1987) for the proposition that before an administrative law judge may conclude that a particular functional limitation does not significantly impede the ability to perform unskilled work, he must "back such a finding of negligible effect with the evidence to substantiate it." Plaintiff's Reply, p. 5. Plaintiff also states that the Commissioner's virtual concession that the three jobs identified by the administrative law judge contained reasoning requirements beyond her abilities "serves as concrete evidence refuting the notion that her functional limitations have no significant impact on her ability to perform all unskilled work." Id.

Even if the Commissioner is correct that Social Security Ruling 85-15 might have supported the decision had the administrative law judge in this case relied upon it, he clearly did not; the provision is neither cited nor otherwise referred to in the decision. Instead, he found the above-noted specific limitations, and then asked the vocational expert to list three sedentary jobs with a stand and sit option, a limitation that was not even applicable in this case, and without including the specific limitations he found. Tr.

210.  Then, he relied upon the three jobs offered by the vocational expert in response to that hypothetical in finding that there was work in the national economy that Plaintiff could perform.  Tr. 16-17.

The United States Court of Appeals for the Tenth Circuit recently considered this issue in <u>Wiederholt v. Barnhart</u>, No. 03-3251, 2005 WL 290082 (10th Cir. Feb 08, 2005).[1] In <u>Wiederholt</u>, the administrative law judge assessed the claimant's mental residual functional capacity as being " limited to simple, unskilled job tasks." Id. at p. 4.  The administrative law judge further found that she had "mild restrictions in activities of daily living, mild difficulties in maintaining social functioning, and moderate difficulties in maintaining concentration, persistence, or pace." <u>Id.</u>  The hypothetical question to the vocational expert posed by the administrative law judge included only the limitation of "simple, unskilled" tasks mentally.  The vocational expert responded that, with that residual functional capacity, Mrs. Wiederholt could do unskilled light or sedentary work. <u>Id.</u>  The administrative law judge adopted this as his finding.  <u>Id.</u>

The Tenth Circuit concluded that the administrative law judge's hypothetical question was insufficient because it did not reflect all of Mrs. Wiederholt's limitations with accuracy.  "The relatively broad, unspecified nature of the description 'simple' and 'unskilled' does not adequately incorporate the [administrative law judge's] additional, more specific findings regarding Mrs. Wiederholt's mental impairments. Because the [administrative law judge] omitted, without explanation, impairments that he found to exist, such as moderate difficulties maintaining concentration, persistence, or pace, the

---

[1]Unpublished disposition cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

resulting hypothetical question was flawed." <u>Id.</u> at p. 5.  Here, as in <u>Wiederholt</u>, the administrative law judge's question was not sufficiently specific.  Although the administrative law judge apparently agreed with the assessment that Plaintiff had marked limitations in understanding, remembering, and carrying out detailed instructions and interacting appropriately with the general public, Tr. 16, this limitation was not reflected in the hypothetical question posed to the vocational expert.  Accordingly, the record is silent as to what effect such a limitation would have on Plaintiff's ability to perform the jobs identified by the vocational expert. It is possible that the inclusion of this limitation would show a substantial loss of ability to meet some of the basic work-related activities that would in turn limit the potential occupational base.  <u>See</u> Social Security Ruling 85-15, 1985 WL 56857, *4 ( 1985). The undersigned therefore recommends that this matter be remanded to permit the Commissioner to obtain vocational testimony that considers all of the administrative law judge's findings regarding Plaintiff's limitations.

<u>**RECOMMENDATION**</u>

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the administrative law judge and the pleadings and briefs of the parties, the undersigned Magistrate Judge recommends that the final decision of the Commissioner of Social Security Administration be reversed and the matter remanded for further administrative proceedings consistent with this Report and Recommendation. The parties are advised of their right to file an objection to the Report and Recommendation with the Clerk of this Court by September 20, 2006, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 72.1.  This Report and

Recommendation disposes of all of the issues referred to the undersigned Magistrate Judge in the captioned matter.

   **Entered this 31st day of August, 2006.**

_____
DOYLE W. ARGO
UNITED STATES MAGISTRATE JUDGE